**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PLANTATION PARK PRIVATE**
**RESIDENCES CONDOMINIUM**
**ASSOCIATION, INC.,**

          **Plaintiff,**

**-vs-**                                          Case No. 6:09-cv-1525-Orl-31GJK

**ORLANDO PLANTATION PARK, LLC,**
**and AMERICAN INVSCO**
**CORPORATION,**

          **Defendants.**
_____

## ORDER

This matter came before the Court without oral argument upon consideration of Defendant's, American Invsco Corporation ("Invsco"),[1] Motion to Dismiss (the "Motion") (Doc. 31) and Plaintiff's, Plantation Park Private Residences Condominium Association, Inc. ("Plaintiff") response in opposition thereto (Doc. 33).

**I. Overview**

Plaintiff, a condominium association, brought this putative class action on August 6, 2009, asserting, *inter alia*, that the developers of its condominium complex (the "Condominium") are liable for various construction defects and the costs to repair same. (Doc. 3 and 24).

---

[1]Defendant Orlando Plantation Park, LLC is not a party to Invsco's Motion but is referred to herein as "Plantation Park".

Plaintiff originally brought suit in Orange County Circuit Court. (Docs. 1 and 3). Plantation Park timely removed the case to this Court on September 4, 2009. (Doc. 1). Plaintiff did not object to removal and time for doing so has now passed. 28 U.S.C. § 1447(c).

In its Motion, Invsco contends that Plaintiff has failed to adequately allege that it was a developer of the Condominium. (Doc. 31 at 4).

## II. Subject Matter Jurisdiction

Although the Amended Complaint does not state the grounds for this Court's jurisdiction, Plantation Park's Notice of Removal predicates subject matter jurisdiction on 28 U.S.C. § 1332.

Plantation Park is a Delaware limited liability company with its principal place of business in the State of Michigan. (Doc. 1 at 3 and Doc. 24, ¶ 9). When Plaintiff brought suit, Plantation Park consisted of two limited liability members: Orlando Plantation Park, Investors, LLC ("Member 1") and Orlando Plantation Members, LLC ("Member 2"). (Docs. 1 at 3 and 2, ¶¶ 4-5). Member 1 and Member 2 were Michigan and Delaware limited liability companies, respectively. (Doc. 1 at 4 and 2, ¶¶ 4-5). The sole member of both Member 1 and Member 2 was Florida Plantation, Inc. – a Michigan corporation with its principal place of business in the State of Michigan. (Doc. 1 at 4 and 2, ¶6).

Invsco is a Delaware corporation with its principal place of business in the State of Illinois. (Doc. 24, ¶ 10).[2]

Plaintiff is a Florida non-profit corporation with its principal place of business in the State of Florida. (Doc. 24, ¶¶ 1-2).

---

[2]*See also* Illinois Secretary of State, Corp/LLC - Certificate of Good Standing, http://www.ilsos.gov/corporatellc/.

The Complaint and Amended Complaint do not demand a sum certain in damages or allege that Plaintiff's damages exceed $75,000.  However, Kenneth B. Morgan, Esq., the Vice President and general counsel of Plantation Park's external manager, declares that he is personally familiar with Plaintiff's condominium complex and the allegations in Plaintiff's complaint.  Given his familiarity with the complex and Plaintiff's allegations of construction defects in, *inter alia*, the roof system, facades, sidewalks and parking spaces, Morgan declares that repair costs would exceed $75,000.  (Doc. 2, ¶ 9).

Upon review, no defendant is a citizen of the State of Florida, *see Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020 (11th Cir. 2004), and the amount in controversy exceeds $75,000.  The Court therefore has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## III. Standard of Review

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).  The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969).  However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a

short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950-1951 (2009).

**IV. Discussion**

The Amended Complaint alleges that, along with Plantation Park, Invsco "participated in the creation of" the Condominium and "participated in offering condominium parcels for sale in the ordinary course of business." (Doc. 24, ¶¶ 11-14). While the Amended Complaint also alleges, in conclusory fashion, that Plantation Park and Invsco "acted jointly and severally" as developers within the meaning of FLA. STAT. § 718.103(16), (Doc. 24, ¶ 15), Plaintiff does not assert that Invsco actually created the Condominium or sold condominium parcels for sale or lease in the ordinary course of its business – only that it "participated" in such activities. Furthermore, as Invsco observes, the condominium declaration attached to the Amended Complaint lists only Plantation Park as the developer of the Condominium.

Upon review, Invsco's Motion will granted. In pertinent part, FLA. STAT. § 718.103 defines the term "developer" to mean "a person who creates a condominium or offers

condominium parcels for sale or lease in the ordinary course of business. FLA. STAT. § 718.103(16). On its face, this statutory language does not include those who simply "participate" in creating a condominium or offering condominium parcels for sale or lease. Absent an allegation that Invsco actually created the Condominium or sold parcels in same, Invsco was clearly not a "developer" within the meaning of § 718.103(16).

**V. Conclusion**

For the foregoing reasons, it is **ORDERED** that Invsco's Motion to Dismiss (Doc. 31) is **GRANTED**. The Amended Complaint is hereby **DISMISSED** without prejudice as to Defendant American Invsco Corporation. Plaintiff shall be permitted to file a second amended complaint that asserts a viable claim against Defendant American Invsco Corporation by no later than **Friday, May 7, 2010**. If it fails to do so, the Clerk of the Court is directed to terminate Defendant American Invsco Corporation as a party.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 20, 2010.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE